IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | | |
|---|---|---|
| THE MONONGALIA COUNTY COAL COMPANY,<br>46226 National Road<br>St. Clairsville, OH 43950 | : : : : : | ELECTRONICALLY FILED<br>Feb 26 2018<br>U.S. DISTRICT COURT<br>Northern District of WV |
| Plaintiff, | : : | Civil Action No. 1:18-cv-46 (Keeley) |
| vs. | : : | |
| UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION<br>18354 Quantico Gateway Drive<br>Triangle, Virginia 22172 | : : : : : : | |
| and | : : | |
| UNITED MINE WORKERS OF AMERICA, LOCAL UNION 1702,<br>c/o UMWA, District 31<br>310 Gaston Avenue<br>Fairmont, WV 26554 | : : : : : : | |
| Defendants. | : | |

**COMPLAINT TO VACATE ARBITRATION AWARD**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Plaintiff, The Monongalia County Coal Company ("Monongalia County Coal" or "Company"), operator of the Monongalia County Mine, by counsel, hereby moves this Court to vacate Arbitrator Jacqueline Drucker's Award ("Award") in the matter of <u>The Monongalia County Coal Company, Monongalia County Mine v. United Mine Workers of America, District 31, Local Union 1702</u>, Case No. 11-31-16-364. As grounds for this Complaint, Monongalia County Coal states as follows:

## Parties

1. Plaintiff Monongalia County Coal is a West Virginia corporation with a place of business located at 99 Shamrock Road, Wana, West Virginia, 26590. Monongalia County Coal maintains its corporate headquarters at 46226 National Road, Saint Clairsville, OH, 43950.

2. Defendant International Union, United Mine Workers of America ("International Union") is a labor union within the meaning of 29 U.S.C. § 152(5) that represented the Company's classified employees pursuant to the 2011 National Bituminous Coal Wage Agreement ("2011 NBCWA"). The 2011 NBCWA was replaced by the National Bituminous Coal Wage Agreement of 2016 on August 15, 2016, but this case arises under the terms of the expired 2011 NBCWA, pertinent portions of which are attached as Exhibit A.

3. Defendant United Mine Workers of America Local Union 1702 ("Local 1702") is a labor union within the meaning of 29 U.S.C. § 152(5) which shares representation of the Company's employees with the International Union. The International Union and Local 1702 are referred to, collectively, as "UMWA" or "Union".

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and 28 U.S.C. § 1331.

5. Venue in this matter is appropriate in this matter pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(c).

## Facts

6. The Monongalia County Mine is a large underground coal mine, approximately thirty percent (30%) of which is located in Greene County, Pennsylvania and approximately seventy percent (70%) of which is located in Monongalia County, West Virginia that covers

approximately 5.9 square miles and employs approximately 440 miners represented by the Union.  Until December 5, 2013, the mine was owned by a subsidiary of CONSOL Energy Inc., during which time it was called the Blacksville No. 2 Mine.  On December 5, 2013, Monongalia County Coal became the operator of the Mine, which was renamed the Monongalia County Mine.

6. On April 2, 2016, Tim Gibson, a member of Local 9909, filed a grievance, Grievance No. 1702-32-16, alleging that Monongalia County Coal had violated the terms of the 2011 NBCWA by having contractors perform classified work, including, but not limited to, hanging monorail, installing hoses and cables on trollies in the Monongalia County Mine.

7. In Grievance 1702-32-16, Mr. Gibson requested the remedy of one hundred and twenty hours of compensation, with forty hours at the regular rate, forty hours at a "time and a half" rate, and forty hours at a "double rate."  Additionally, Mr. Gibson requested to be "made whole in all ways."

8. Subsequently, on April 11, 2016, Mr. Gibson filed another grievance, Grievance No. 1702-33-16, alleging that contractors performed classified work of hanging trollies, hanging hoses and cables, and securing the same in violation of the 2011 NBCWA.

9. In Grievance No. 1702-33-16, Mr. Gibson requested the remedy of forty-eight hours of regular rate pay, and twelve hours of "time and a half" pay.  Additionally, the grievance again sought "make whole" relief.

10. The aforementioned grievances were consolidated as Case No. 11-31-16-364, and a hearing was held before Arbitrator Jacqueline Drucker ("Arbitrator Drucker" or the "Arbitrator") on June 15, 2017.

11. Arbitrator Drucker issued her Award (the "Award") on January 5, 2018. A copy of the Award is attached as Exhibit B. In finding for the Union, Arbitrator Drucker awarded the Grievant Tim Gibson compensation for the time attributable to the hours worked by the contractor on the dates in question in the grievances:

> …The Grievant is to be made whole through compensation equivalent to the straight time rate for time attributable to the hours worked by the contractor on April 2, 3, 4, and 6, 2016.

Award, attached hereto as Exhibit 1, at 14.

12. This provision for compensation to Mr. Gibson in the Award fails to draw its essence from the terms of the 2011 NBCWA, ignores the "law of the shop" and binding arbitration precedent in the industry, exceeds the scope of the Arbitrator's authority, is arbitrary and capricious, and is meted out based upon the Arbitrator's own notions of right and wrong rather than any basis in the record.

13. The evidence submitted to the arbitrator established without dispute that Mr. Gibson was already working full shifts and substantial overtime on the dates for which the arbitrator ordered he be compensated. Mr. Gibson personally would not have been available to perform any of the work done by the contractors on those dates, as he was already fully employed performing job duties on the days in question.

14. There was no evidence entered into the record at the hearing by the Union that Mr. Gibson was available on the days in question to perform the work done by the contractors. As such, the finding of the Arbitrator that Mr. Gibson is entitled to compensatory relief, or any sort of "make whole" relief, is purely speculative.

15. Given that the Grievant suffered no injury or harm as a result of the conduct about which the grievance was filed, any finding by the Arbitrator that he was entitled to any monetary relief is improper.

16. Accordingly, Plaintiff Monongalia County Coal moves to vacate the Award for the following reasons:

    (a) The award exceeds the scope of the Arbitrator's authority and power;

    (b) The award fails to draw its essence from the collective bargaining agreement;

    (c) The award is based on the arbitrator's own personal notions of right and wrong;

    (d) The award is arbitrary and capricious.

**WHEREFORE,** the Plaintiff respectfully requests that this Court

1. Vacate the Arbitrator's Award, with prejudice; and

2. Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ *Michael D. Glass*
Michael D. Glass, Esquire
WV I.D. #1392
Daniel D. Fassio, Esquire
WV I.D. #11661
One PPG Place, Suite 1900
Pittsburgh, PA  15222
Phone: 412.394.3333
Fax: 412.232.1799

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the within **COMPLAINT TO VACATE ARBITRATION AWARD** has been served on counsel for the Defendant listed below by placing same in the U.S. mail, first class, postage prepaid, this 26th day of February, 2018:

> Charles F. Donnelly, Esquire
> United Mine Workers of America
> 1300 Kanawha Boulevard, E.
> Charleston, WV  25301

> /s/ *Michael D. Glass*
> Michael D. Glass, Esquire

33041451.1